## SMITH V. GRIFFIN ET AL.

1. WHAT IS NECESSARY TO CREATE AN EASEMENT IN STREETS AND ALLEYS.— Where the owner of a block in a city divides it into lots, with an alley in the rear, but files no plat, as required by the statutes in the case of a dedication, and the city does not accept the new arrangement, the purchaser of the alley-way at a sale for taxes takes it free from easement, and may close it.
2. WHO NOT ENTITLED TO A WAY OF NECESSITY.— The purchaser of a city lot seventy-five feet deep, with a frontage of twenty-five feet on a street, is not entitled to a way by necessity to the rear of his lot over the adjacent land of his grantor.
3. CLERICAL ERRORS MAY BE CORRECTED.— A mere clerical mistake in preparing a tax deed may be corrected.

*Appeal from Superior Court of Denver.*

Mr. W. S. DECKER, for appellant.

Messrs. MARKHAM & DILLON and E. A. CLARK, for appellees.

CHIEF JUSTICE HELM delivered the opinion of the court.

Appellant Smith and one Campau, being the owners of a certain portion of block 64, in the west division of the city of Denver, divided the same into seven lots. Five of these lots fronted on Champa street, the remaining two on Eighth street. No plat was filed, however, as provided by statute, and no acceptance of the new arrangement took place by the city. Upon the front of each of the five lots first mentioned they constructed a dwelling-house, and upon the rear a coal-house and ash-

pit. For convenience in reaching these coal-houses and ash-pits, they left an alley-way nine and eighty-two one-hundredths feet in width, extending from Eighth street to the main alley running through the center of the block.

Four of the five lots abutting on Champa street were disposed of. The remaining lot was retained and occupied by appellant. Subsequently the alley-way in question was assessed and sold for taxes. Defendant Lillian Griffin, who in the meantime had purchased the lot adjacent thereto, fronting on Eighth street and extending back to the main alley, became the owner at such tax sale. No redemption having taken place, in due time she received her tax deed, whereupon she closed the private alley by extending a fence across each end.

Appellant brought the present suit upon the ground that the closing of the alley constituted a nuisance which he was entitled to have abated. The court below rendered a decree in favor of appellee. From this decree the present appeal was taken.

Since Smith and Campau neither made a statutory dedication to the city for public purposes of the strip of land in question, nor conveyed the same by deed, the title remained in them; and, although used as a private way, it continued liable to taxation. The title passed to Mrs. Griffin under her tax deed; and, unless subject to an easement, she acquired the right to fence and use it in accordance with the dictates of her private interest.

The attitude of Smith, being that of an original owner, and not a purchaser after the subdivision, should be borne in mind. If he and Campau were attempting to close this private alley, and one of their grantees was objecting, a different case would be presented. Having subdivided the ground, reserving the alley, and having sold lots with reference to this subdivision, they might be estopped from afterwards interfering with the use of the alley by their vendees; or, if they had wholly sev-

ered their title to the entire premises, including the alley, by deeds specifically recognizing this right as an easement, their grantees might be estopped from interfering therewith. But Mrs. Griffin's title is not thus embarrassed. Her ownership is not in privity with Smith and Campau. She claims through a sale for taxes, and is not estopped as they or their grantees might be in the cases supposed. These considerations show the inapplicability of the authorities upon which appellant relies. None of the cases cited are parallel, either in facts or in principle, with the one at bar. It is hardly necessary to observe that the public neither possess nor seek to assert a right of user in the premises, and hence are not interested in the present controversy.

There being no easement by express grant, and no right existing by estoppel *in pais*, the claim of appellant to the easement in question must rest upon prescription or necessity. It cannot be argued that he has a prescriptive right entitled to recognition in law, as such a right must be founded upon at least twenty years of private use. Our inquiry is therefore narrowed to the question, Has he a way of necessity?

We do not stop to ascertain whether this doctrine could in any event be invoked where title to the servient estate has been, as in the present case, involuntarily parted with by the claimant of the easement. Appellant's lot, which is seventy-five feet in depth, has an unobstructed frontage of twenty-five feet upon Champa, a public street. By this means access may be had to all parts of his premises. It is true the word "necessity," as used in this connection, has been held not to mean that there must exist an absolute physical impossibility of otherwise reaching the alleged dominant estate. When a way exists, but the expenses to be incurred in utilizing it are grossly in excess of the total value of the estate itself, an easement of necessity is sometimes recognized, as, for instance (to use the illustration employed in *Pettingill v.*

*Porter*, 8 Allen, 6, cited by appellant), where the value of the property conveyed is $1,000, the vendee might have a right of way over an adjoining tract, owned by his grantor, even though he might, at an expense of $100,000, reach his premises by some other means. But it is needless to prolong discussion upon this subject. The pleadings and evidence show that the grievance of plaintiff is based upon inconvenience rather than necessity. There is, therefore, no room for the application of the doctrine in question.

It appears that the tax deed, as given to appellee, was defective in omitting the date of the tax sale. Subsequently, appellee procured the execution of a new tax deed, curing the defect in question. Both deeds were received in evidence at the trial. No claim is made of non-compliance with law, or of bad faith or error in advertising and conducting the sale; and, where a mere clerical mistake has occurred in preparing the deed, the purchaser has a right to have it corrected. This is especially true when, as in the present case, no prejudice is shown to have arisen from the mistake.

The description of the strip of land in question employed by the assessor, and included in the advertisement of the tax sale and in the tax deed, differs somewhat from that given thereto by the original owners. Upon this ground it is claimed that the deed is void. Ample proof was received showing that this description is in accordance with custom and usage in describing tracts in that portion of the city of Denver. Besides, it cannot be claimed that the description is not sufficient to fully identify the property. It could hardly have deceived or misled the owner; and, merely because it is not accurate with reference to the cardinal points of the compass, it should not be held so defective as to vitiate the sale.

The judgment of the superior court is affirmed.

*Affirmed.*