## STEVENS, et al v. STERLING, et al.

Circuit Court, Lake County.

August 1, 1949.

J. W. & W. B. Hunter, Tavares, for plaintiffs.

R. P. Hamlin, Tavares, and J. Clayton Weir, Groveland, for defendants.

T. G. FUTCH, Circuit Judge.

This is an action for a mandatory injunction instituted by the county commissioners of Lake County joined by Carl R. Stevens individually as a county taxpayer, as plaintiffs, against Gerhardt Sterling and R. K. Langenback, as defendants.

The relief sought by the bill of complaint is to require the defendants to remove certain obstructions which it is alleged the defendants have placed in an alleged public road. The bill describes this road to be slightly more than 300 feet in length, passing across land owned and occupied by the defendants and extending from the property of the plaintiff Stevens to a connection with the "outside road system of Lake County."

The right to relief is based on an alleged prescriptive right or adverse possession and use by the public for a period of more than 20 years. The bill alleges that the defendants have so obstructed the alleged road that the plaintiff Stevens and the public are denied the use thereof and that there is no other practical route for Stevens and the public to travel from his property to the "outside road system."

Defendants in their answer deny the existence of the right alleged and asserted by the plaintiffs to the use of the alleged road. Defendants say on the contrary that any use of the road by Stevens and his predecessors in title has been solely by permission of the defendants and their predecessors in title.

The property over which the road passes is shown by the testimony and proofs to have been purchased and settled upon by Theodore Trail and his wife Sally E. Trail about the year 1914, that Trail and his wife lived on the property for many years and sold it in 1946 to one William J. Davis, who sold and conveyed it to the defendants in 1948. Hence if the alleged right by prescription or adverse possession accrued at all prior to the date of the placing of the obstructions complained of in

November, 1948, the greater portion of the necessary 20 years passed under the ownership of the Trails.

The evidence shows that the Stevens property was purchased by one Frank G. Rettig in 1917. This is the property from which it is alleged the road in question leads to connect with the "outside public road."

Mrs. Trail testified that the Rettigs came down to improve their property about the year 1917 and boarded with the Trails for about 3 months while improving the Rettig property; that Mr. Trail helped build the house on the Rettig property; that Mr. Rettig became ill and he and his wife returned to Illinois where he died; that Mr. Trail looked after the property for a number of years; that the Rettigs spent very little time on the property. Mrs. Rettig perhaps spent a few months in the house from time to time.

The evidence further shows that when Trail and Rettig bought their respective properties the land was unimproved, and that there was some sort of a woods road at approximately the location of the road now in question, leading onto and across both the Trail and Rettig properties, in a southerly direction, into territory beyond and to the south of the Rettig property.

The Rettigs, however, obliterated and destroyed all trace of this road by clearing their land, plowing, cultivating and planting citrus trees thereon, and finally in 1932 Mrs. Rettig caused "No Trespass" signs to be placed along the line dividing her property from the Trail property.

So it is that one of Stevens' predecessors in title denied and terminated all use of this road by the public about 16 years before it is alleged that the defendants placed the obstructions complained of in that part of the road located on the Trail property—and before prescription could have ripened against the Rettig property, now owned by the plaintiff Stevens. There is no allegation, testimony or proof that there was any protest or objection to closing the road and denying right of passage to the public over the Rettig property, and there is no evidence of any effort on the part of anyone to use the road across the Rettig property after the "No Trespass" signs had been put up by Mrs. Rettig.

There is evidence that the county commissioner of that district twice did some work on this road, on the Trail property. The first work by the county commissioner was done at the

request of Mr. Trail, and the second time it was done at the request of the man employed by Mrs. Rettig to take care of her property. No public record of this work was produced and there was no other evidence that the county claims any interest in the road, except the testimony of the present commissioner, Mr. Story, who said it was on the list of roads given him to be kept up, but that he had no occasion to do any work on the road since he has been county commissioner, for more than 2 years. There is evidence of some work having been done on this road, on the Trail property, both by Mr. Trail and the Rettig employees.

The bill alleges and the proofs show that the road claimed to be public by the plaintiffs furnishes access only to the property of the plaintiff Stevens and to the property of the defendants. The engineer's map or plat introduced in evidence by the plaintiffs indicates clearly that the road could not be of value to any other property because it terminates at the Rettig (now the Stevens) property. It is not claimed and there is no evidence to show that the Stevens property is in any respect a public place or public property nor that it is or ever has been such, nor that it has ever been by its nature or use a place that would attract or call the general public to its confines.

There is a prevailing idea among lawyers and laymen alike that 20 years use is all that is necessary to create such a right as is here asserted by the plaintiffs—but such is not the law. The law requires that the use must be not alone for 20 years—it must be continuous, uninterrupted and adverse to the owner of the fee, under a claim of right, and not by mere permission of the owner. This is the law in Florida as settled by our Supreme Court in Zetrouer v. Zetrouer, 103 So. 626, which is one of the leading Florida cases on the law involved in this cause. The same law has been adhered to by the Supreme Court in many other cases.

The relations shown to have existed between the Trails and the Rettigs were not such as to give foundation to a presumption that the Rettigs would have, or did use this road adversely to and against the right of the Trails. Rather, the relations between the parties give credence to the defendants' contention that the use of the road by the Rettigs and their employees was by *permission* of the Trails, at least so far as the Rettigs and their successors in title are concerned, and there was and could have been no other user of the road after the Rettigs closed the road across their line in 1932—except such

individuals as had occasion to visit either the Trail property or the Rettig property for business, professional or social reasons. The action of Mrs. Rettig in barring the public from that part of the road crossing her property adds further credence to the defendants' claim that the use was permissive, and not adverse—and strongly indicates that Mrs. Rettig so understood the situation.

The law in Florida requires the plaintiff to prove beyond reasonable doubt the existence of the right asserted and sought to be enforced before mandatory injunction can issue.

The court does not question the truth of the testimony of a single witness who testified in this case. Each witness was careful to confine his or her testimony to the truth. The witnesses apparently were in sympathy with the plaintiffs' side of the case, but not one of them would go beyond the truth to support their sympathy. The facts to which the witnesses could and did testify were just not sufficient to support a finding by the court that the plaintiffs had established beyond reasonable doubt the rights which they asserted and which they sought to have enforced by mandatory injunction.

There are many disputes over roads which could just as well and in some instances better be settled by action of the individual interested—without bringing in the county. These road cases fall into three classifications—(1) those cases where the county must act alone, (2) those cases where the individual must act alone, and (3) those cases where either the individual or the county may act, either severally or jointly.

In addition to the insufficiency of the evidence to establish adverse use continuously and without interruption for 20 years in the manner required by law, there are two other common law rules which would defeat the claim of right asserted by the plaintiffs in this cause. These rules are: (1) prescription will not attach in the case of dead-end roads which do not terminate at both ends, in some sort of a public place; and (2) the bill alleges, and the proofs show this to be, if anything, a "way of necessity" for reaching and leaving the Rettig-Stevens property—and prescription never applies to a "way of necessity" while the necessity continues. 28 C.J.S. 674, 17 Am. Jur. sec. 70, p. 980.

In view of what has been said, appropriate decree will be entered, dismissing the bill of complaint at the cost of the plaintiffs.