319 So.2d 61 (1975)
Linette HANNA et al., Appellants,
v.
Estelle Shivers MEANS et al., Appellees.
No. 74-504.
District Court of Appeal of Florida, Second District.
August 8, 1975.
John N. Jenkins, Tampa, for appellant Hanna.
*62 John P. Griffin, Tampa, for appellants McDonald.
E.C. Watkins, Jr., of Hobbs, de la Parte & Liles, Tampa, for appellees Means.
Maynard Ramsey of Bucklew, Ramsey, Ott & Gardner, Tampa, for appellees Severson and Newberger.
McNULTY, Chief Judge.
Appellants Hanna and McDonald appeal from an order declaring an easement of necessity astride the property line dividing their separate lands in favor of appellees Means. The Means cross-appeal a provision of that order requiring that they pay compensation therefor. We affirm in all respects.
The problem is sketched here:

On January 6, 1947, one Powell and wife acquired title to a parcel of land directly south of appellants' properties. On March 6, 1947, they deeded the northern half of their parcel to the appellees Means. Title to the southern half descended to Severson and Newberger as the Powells' successors in interest. At the time of the Means' conveyance neither parcel had access to any road. In 1973, Severson and Newberger acquired title from one O'Connor to a strip of land giving them access to Duque Road on the south. The Means received permission from appellant Hanna to cross the latter's land to reach DeBuele Road on the north shortly after they purchased their parcel in 1947. Thereafter, they crossed to DeBeule Road over both the Hanna and McDonald properties, roughly at their dividing line, until 1972 when appellants' lands were fenced denying the Means access.
*63 The Means filed this action shortly thereafter claiming, alternatively, either a common way of necessity or an easement by prescription over appellants' lands. Severson and Newberger were added as parties later under the initial belief that they may be necessary parties.
After trial, the trial judge issued an order declaring: (1) That the Means acquired no prescriptive right of way across appellants' lands because their use was not adverse but was with consent; (2) that the Means failed to establish the unity of title from a common grantor entitling them to a common law easement of necessity over said lands; (3) that the only practicable and reasonable means of ingress and egress to and from Means' land is across the common dividing line between appellants' properties over which the Means are entitled, if they choose, to a statutory way of necessity pursuant to § 704.01(2), F.S. 1971, upon payment of just compensation therefor as required by § 704.04, F.S. 1971 (it seems agreed that a stream and/or marsh land across a substantial portion of the Severson-Newberger parcel renders it less reasonable and practicable than appellant's lands); and (4) that the complaint as against Severson and Newberger be dismissed.
Appellants first contend that the court erred in finding that the Means were not entitled to a common law way of necessity over the Severson-Newberger property to the south. They argue that there was indeed a common law easement of necessity over that land since Powell was their common grantor. Therefore, they say, it was improper for the trial judge to award a statutory way of necessity across their (strangers') lands notwithstanding that such way may be more reasonable or practical. Their argument falls of its own weight, however, because a common law way of necessity cannot exist across retained land which has no access to a public road;[1] and it is clear here that the Severson-Newberger land, i.e., that retained by the Powells at the time of the grant to the Means, had no access to Duque Road until 1973. After-acquired access will not suffice.[2]
If the Means are entitled to any common law way of necessity over the Severson-Newberger lands at all, therefore, a common source other than the Powells must be established. It is true, the record reveals, that at one time Aripeka Saw Mills owned all the subject lands and the lands surrounding them. But the "common source" which forms the basis for a common law way of necessity is not one who originally may have owned all the involved lands. The "common source" within contemplation of the rule must be shown to be he who created the situation which ultimately resulted in the land-locked parcel. Aripeka wasn't shown to be that source here. This is the precise reason, indeed, why there is no "common source" basis for a common law way over appellants' lands either.
Appellants' second point assails the width of the easement granted. Error on this point has not been made clearly to appear.
We consider now appellees' cross-appeal in which they primarily urge that the court ought to have granted them a prescriptive right of way across appellants' lands. As noted, the court denied such easement because the evidence showed that there was no adverse claim of right, the appellees having access with the consent of Hanna. Notwithstanding, appellees point to evidence of withdrawal or discontinuation of that consent and urge non-consent. Apart from that issue, however, we can dispose of appellees' contention (and at the same time resolve the patent hiatus of lack *64 of consent from McDonald), as a matter of law, simply under the well-settled rule that a prescriptive right never accrues in a way of necessity so long as the necessity continues;[3] and necessity being the gravamen of appellees' action here, they cannot claim prescription.
In view of the foregoing, the order appealed from should be, and the same is hereby, affirmed in all respects.
HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] See Daywalt v. Walker (Cal. App.5th, 1963), 217 Cal. App.2d 669, 31 Cal. Rptr. 899.
[2] Cf. Guess v. Azar (Fla. 1952), 57 So.2d 443. See also 11 Fla.Jur. Easement and Licenses § 22 (1955).
[3] See Stevens v. Sterling (Cir.Ct., 1949), 2 Fla. Supp. 67, aff'd (Fla. 1949), 41 So.2d 903; 1 Fla.Jur. Adverse Possession § 51 (1955).