404 So.2d 410 (1981)
Maurice A. ROY, Lillian A. Roy, Gerald E. Bryan and Topping A. Bryan, Appellants,
v.
EURO-HOLLAND VASTGOED, B.V., Viscaya, S.A., Martin A. Tabor and Joyce M. Hyotlane, Appellees.
No. 80-659.
District Court of Appeal of Florida, Fourth District.
October 7, 1981.
J. Stockton Bryan, Stuart, for appellants.
Jeffrey E. Lehrman of Law Offices of Jeffrey E. Lehrman, Coconut Grove, for appellees.
DOWNEY, Judge.
Appellants Maurice A. Roy and Lillian A. Roy seek reversal of a final judgment denying them a way of necessity over appellees' property so that appellants will have ingress and egress to their landlocked property. Initially, Gerald E. Bryan and Topping A. Bryan were also appellants, but they have been dismissed.
The Roys own the north 200 feet of the south 500 feet of Tract 1, Block 33, St. Lucie Inlet Farms, according to the plat *411 thereof recorded in Plat Book 1, page 98, public records of Martin County, Florida. The Appellee, Euro-Holland Vastgoed, B.V., is the owner of Tracts 2, 6, and 7 and a portion of Tracts 1 and 8, all in Block 33 of St. Lucie Inlet Farms subdivision. The other appellees, Vizcaya, S.A., Martin A. Tabor, and Joyce M. Hyotlane, are the ownerholders of mortgages on the Euro-Holland property.
In 1910 Henry H. Buckman was the owner of all of the above described land. The property was subdivided and in March, 1913, Buckman conveyed the north 200 feet of the south 500 feet of Tract 1 of Block 33 to Frank and John Coventry. At the time of said conveyance there was no access to the above described parcel except over the remainder of Buckman's property, which remainder abutted a public right of way. The parcel was conveyed five times thereafter, the fifth conveyance being to the Roys. Having no means of ingress and egress to their property, the Roys instituted this suit requesting the court to declare the existence of a right of way of necessity over appellee's property pursuant to the authority of Section 704.01(1), Florida Statutes (1979).
After a non-jury trial the court entered final judgment in favor of the defendant-appellees. This judgment, which effectively denied the Roys' claim to a common law easement of necessity, was based on appellees' contention, and the trial court's conclusion, that the Roys had not proven the following necessary elements for relief: 1) unity of title in a common source, and 2) reasonable necessity for such an easement for the beneficial use and enjoyment of the Roys' property. We disagree with the trial court's conclusion and reverse.
By means of Section 704.01(1), Florida Statutes, the Legislature codified the common law rule of an implied grant of a way of necessity and also provided for a statutory way of necessity for landlocked property that could not qualify under the common law rule. We are here dealing with the common law way of necessity, which Section 704.01 described as follows:

IMPLIED GRANT OF WAY OF NECESSITY.  The common law rule of an implied grant of a way of necessity is hereby recognized, specifically adopted, and clarified. Such an implied grant exists where a person has heretofore granted or hereafter grants lands to which there is no accessible right-of-way except over his land, or has heretofore retained or hereafter retains land which is inaccessible except over the land which he conveys. In such instances a right-of-way is presumed to have been granted or reserved. Such an implied grant or easement in lands or estates exists where there is no other reasonable and practicable way of egress, or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved. An implied grant arises only where a unity of title exists from a common source other than the original grant from the state or United States; provided, however, that where there is a common source of title subsequent to the original grant from the state or United States, the right of the dominant tenement shall not be terminated if title of either the dominant or servient tenement has been or should be transferred for nonpayment of taxes either by foreclosure, reversion, or otherwise.
The general rule and the rule applicable in Florida with reference to easements for ways of necessity is found in 25 Am.Jur.2d, Easements and Licenses, § 34, pp. 447-448:
A way of necessity is an easement founded on an implied grant or implied reservation. It arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is shut off from access to a road to the outer world by the land from which it is severed or by this land and the land of strangers. In such a situation there is an implied grant of a way across the grantor's remaining land to the part conveyed, or conversely, an implied reservation of a way to the grantor's remaining land *412 across the portion of the land conveyed. The order in which two parcels of land are conveyed makes no difference in determining whether there is a right of way by necessity appurtenant to either.
A way of necessity results from the application of the presumption that whenever a party conveys property he conveys whatever is necessary for the beneficial use of that property and retains whatever is necessary for the beneficial use of land he still possesses. Such a way is of common-law origin, and is presumed to have been intended by the parties. A way of necessity is also said to be supported by the rule of public policy that lands should not be rendered unfit for occupancy or successful cultivation. (Footnotes omitted.)
Thus, in order for the owner of a dominant tenement to be entitled to a way of necessity over the servient tenement both properties must at one time have been owned by the same party (that is another way of saying that one seeking the grant of a way of necessity must show unity of ownership or common source of title). Guess v. Azar, 57 So.2d 443 (Fla. 1952); Kirma v. Norton, 102 So.2d 653 (Fla. 2d DCA 1958); Hunt v. Smith, 137 So.2d 232 (Fla. 2d DCA 1962); Joyner v. Andrews, 137 So.2d 870 (Fla. 2d DCA 1962); Hanna v. Means, 319 So.2d 61 (Fla. 2d DCA 1975); Procacci v. Zacco, 324 So.2d 180 (Fla. 4th DCA 1975); Thompson on Real Property, §§ 363-364. In addition, the common source of title must have created the situation causing the dominant tenement to become landlocked. Hanna v. Means, supra. A further requirement is that at the time the common source of title created the problem the servient tenement must have had access to a public road. Hanna v. Means, supra. The rationale of the rule demonstrates the necessity of the foregoing requirements. The easement is founded upon an implied grant or implied reservation which arises from the supposed intention of the parties that the party conveying or reserving the landlocked parcel intends to convey or retain whatever is necessary for the beneficial use of property conveyed or reserved.
In the case at bar Buckman owned all of the above described property presently owned by both the Roys and Euro-Holland. Thus, Buckman is the common source of title. Buckman also created the situation landlocking the Roys' property and necessitating the easement for ingress and egress. Finally, at the time of the conveyance from Buckman to the Coventrys the remainder of Buckman's property had access to a public road. Accordingly, the law implies the grant of a way of necessity over Buckman's remaining property so that Buckman's grantees and their successors in title would have access to said road from the landlocked property. As this court noted in Reyes v. Perez, 284 So.2d 493 (Fla. 4th DCA 1973), such an easement is created at the time of the original conveyance.
As we mentioned earlier, appellees and the trial court seemed to be of the view that the common source of title could not be a remote grantor in the chain of title, but must be the immediate grantor of the present owners. This is not our understanding of the law, since we believe the relevant rules are the following:
[I]f at one time there has been unity of title, the right to a way of necessity may lie dormant through several transfers of title and yet pass with each transfer as appurtenant to the dominant estate and be exercised at any time by the holder of title. 25 Am.Jur.2d, Easements and Licenses, § 35, p. 449 (footnote omitted).
* * * * * *
A way of necessity over remaining lands of the grantor, created by implied grant upon the severance of land, being appurtenant to the granted land, passes by each conveyance to subsequent grantees thereof. Hence, a subsequent grantee of land which is not used by the common owner at the time of the severance of the larger tract may, when the use of such way becomes necessary to the enjoyment of the land, claim it under the remote deed of severance. Id., § 95, p. 501 (footnote omitted).
*413 Many of the cases and the writers on this question talk in terms of "tracing back" in the chain of title to the common source. Thus, "tracing back" would seem to indicate going back beyond the immediate grantor. Therefore, we hold that the common source of title need not be the immediate grantor but is any common source in the chain of title to the two estates which meets the other criteria for creation of a way of necessity over the property of another.
Finally, appellees contend there was no adequate showing of necessity. Appellees seem to feel that proof was required to show a present use of the property which makes access immediately necessary where in the past there has been no pressing need therefor. If this is a correct characterization of appellees' position then they have misconceived the impact of the term "necessity" as it is used in this context.
An easement for a way of necessity is not implied or granted if there is other reasonable access to the property which will enable the owner to achieve the beneficial use and enjoyment of the property. As Thompson states in his work on real property:
The doctrine of ways of necessity is applicable only when conditions existing at the time of division or severance call for its enforcement. The term "necessity" is to be understood as meaning that there exists no other reasonable mode of enjoying the dominant tenement without the easement. 2 Thompson on Real Property, § 364, p. 405, (footnotes omitted).
The claimant is not entitled to an option or an election as between several adequate means of access. The fact that one means of access may be more convenient than another does not suffice. Id. at p. 409.
Accordingly, we hold that an easement for a way of necessity was created in favor of the Roys' above described property. Therefore, we reverse the judgment appealed from and remand the cause for further proceedings wherein the trial court should declare, locate, and define the easement based upon evidence adduced by the parties for that purpose.
REVERSED AND REMANDED with directions.
MOORE and HURLEY, JJ., concur.