504 So.2d 1246 (1986)
Thomas D. MATTHEWS and Rosalie Matthews, Husband and Wife, and Lyman W. Woodruff and Yuko Woodruff, Husband and Wife, Appellants,
v.
Paula QUARLES, Appellee.
No. BH-29.
District Court of Appeal of Florida, First District.
October 2, 1986.
Barne J. Morain, Pensacola, for appellants.
Alan C. Sheppard of Emmanuel, Sheppard & Condon, Pensacola, for appellee.
NIMMONS, Judge.
This is an appeal from a final order granting an easement by way of necessity over the appellants' properties. We affirm.
Appellee Quarles is the present owner of a four-acre tract which she purchased in 1975. In order to reach the nearest public road from her property, she must travel east on a dirt road which crosses appellants' properties. Quarles has used this road since 1975. In September 1983 appellants *1247 Matthews and Woodruff obstructed portions of the road across their properties. Quarles brought suit for a permanent road easement across the two properties and an injunction to prohibit either appellant from blocking the road. The trial judge granted appellee an easement by way of necessity over the lands of the appellants and an injunction. This appeal followed.
Appellants claim the trial court erred in granting the appellee an easement by way of necessity over the lands of the appellants. We disagree and affirm.
Florida has specifically adopted the common law easement by way of necessity in Section 704.01(1), Florida Statutes (1983). This statute provides as follows:
Common law, statutory easements defined and determined.
(1) Implied grant of way of necessity.  The common law rule of an implied grant of a way of necessity is hereby recognized, specifically adopted and clarified. Such an implied grant exists where a person has heretofore or hereafter grants lands to which there is no accessible right-of-way except over his land, or has heretofore or hereafter retains land which is inaccessible except over the land which he conveys. In such instances a right-of-way is presumed to have been granted or reserved. Such an implied grant or easement in lands or estates exists where there is no other reasonable and practicable way of egress or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved. An implied grant arises only where a unity of title exists from a common source other than the original grant from the state or United States; provided, however, that where there is a common source of title subsequent to the original grant from the state or United States, the right of the dominant tenement shall not be terminated if title of either the dominant or servient tenement has been or should be transferred for nonpayment of taxes either by foreclosure, reversion or otherwise.
In order for the owner of a dominant tenement to be entitled to a way of necessity over the servient tenement, (1) both properties must at one time have been owned by the same party, (2) the common source of title must have created the situation causing the dominant tenement to become landlocked, and (3) at the time the common source of title created the problem the servient tenement must have had access to a public road. Roy v. Euro-Holland Vastgoed, B.V., 404 So.2d 410 (Fla. 4th DCA 1981); Hanna v. Means, 319 So.2d 61 (Fla. 2nd DCA 1975). Such requirements are necessary because an easement by way of necessity is founded upon an implied grant or implied reservation which arises from the supposed intention of the parties that the party conveying or reserving the landlocked parcel intends to convey or retain whatever is necessary for the beneficial use of the property conveyed or reserved.
All of these elements of the common law way of necessity have been satisifed in the present case. First, both appellee's and appellants' properties were owned by a J.W. Daw in 1938. Second, J.W. Daw created the situation causing the four acres to be landlocked. Third, at the time J.W. Daw created the situation, the servient tenement did have access to a public road. Thus, since 1938, a common law way of necessity has existed over appellants' properties.
However, appellants argue that this easement has been terminated. Appellants maintain that the necessity ended in April 1983 when the "Booth" easement was created. On April 15, 1983, Anderson Booth, who owns property immediately west of Appellant Woodruff, sold some trailer lots on his property and gave his purchasers a non-exclusive road easement in a strip running north and south along the east side of his property. This easement connects to another public road. After appellants obstructed, as earlier mentioned, portions of the road across their property, Quarles, although having no legal right to do so, traveled the Booth easement until she obtained a temporary injunction against appellants. Appellants argue that the Booth easement provided a reasonable and practicable *1248 alternative means of egress and ingress to appellee's property.
At first glance, appellants' argument appears to have some merit. As the court recognized in Roy v. Euro-Holland Vastgoed, B.V., 404 So.2d 410 (Fla. 4th DCA 1981), an easement by way of necessity cannot be implied or granted if there is other reasonable access to the property which will enable the owner to achieve the beneficial use and enjoyment of the property a claimant is not entitled to an option or an election as between several adequate means of access even though one means of access may be more convenient than another. 404 So.2d at 413. Moreover, the court's position in Roy, supra, is supported by the language of the relevant statute. The relevant portion of Section 704.01(1), Florida Statutes (1983), provides that an implied easement of a way of necessity "exists where there is "no other reasonable and practicable way of egress or ingress... ." (emphasis supplied).
However, a closer examination of the situation in this case reveals that the Booth easement cannot really be considered a reasonable and practicable "access" to appellee's property sufficient to preclude an easement by way of necessity over the road in dispute. Appellee Quarles does not have a right of way over this portion of Booth's property. Cases which have held that a way of necessity can be terminated, or will not be implied, where the claimant has another access to her land have usually dealt with a claimant who has had another way over her own land or by a right of way over another's land. 25 Am.Jur.2d Easements and Licenses, Section 38; see Hill v. Kennoy, 522 S.W.2d 775 (Mo. 1975) (absent evidence that plaintiffs had a legal and enforceable way in the form of a prescriptive easement over an alternative route, they had a right to a way of necessity over defendant's private road, and the fact that plaintiffs could have proceeded against another landowner for the same relief was irrelevant).
It is thus apparent that the easement crossing appellants' properties is absolutely necessary to the convenient enjoyment of appellee's property. Our decision is in accord with the recent Supreme Court case of Tortoise Island Communities, Inc. v. Moorings Association, Inc., 489 So.2d 22 (Fla. 1986), in which the court held that an easement by implication requires an absolute necessity, and not merely a reasonable necessity.
We have examined the remaining points raised by appellants and find them to be without merit.
Accordingly, an easement by way of necessity exists across the lands of the appellants and the trial court's order is therefore affirmed.
AFFIRMED.
WENTWORTH, J., and WILLIS, BEN C., (Ret.) Associate Judge, concur.