519 So.2d 1131 (1988)
Ginger J. MORAN, Etc., Appellant,
v.
Paul W. BRAWNER, et al., Appellees.
No. 87-897.
District Court of Appeal of Florida, Fifth District.
February 11, 1988.
A. Duane Bergstrom of Rush, Marshall, Bergstrom, Reber, Gabrielson and Jones, P.A., Orlando, for appellees Brawner.
No appearance for appellee Jones.
COBB, Judge.
The issue in this case is whether the trial court erred in determining that the appellant, Ginger Moran, was not entitled to an implied grant of way of necessity across property owned by the appellees, Paul and Margaret Brawner.
Rita L. Jones (Moran's mother) and her husband acquired a tract of land in Seminole County, Florida, in 1953 (Parcel B). In 1965, Jones conveyed the south 200 feet of the property to Moran (Parcel C) (the remaining Jones parcel will be referred to as B-1). In 1978, Moran acquired from Robert M. Keith a parcel contiguous and south of Parcel C (Parcel D). Parcel D had access to State Road 46 over an existing dirt road that had been used by Moran and the prior owners for more than 30 years; however, the dirt road was owned by Mr. Spolski, who is not a party to this action, and there was no unity of title as to the dirt road. In 1983, Moran acquired, via a gratuitous conveyance, a small portion of the south part of Parcel B-1, contiguous to Parcel C (Parcel A), and Parcel B-1 was acquired by the Brawners. The following diagram from the record demonstrates the locations of the pertinent parcels and roads:
*1132 
Moran brought an action against the Brawners and Rita L. Jones,[1] pursuant to section 704.01, Florida Statutes (1985),[2] in *1133 order to "establish a common law implied grant of way of necessity for ingress and egress over and across lands owned by [the Brawners]." Moran sought an easement along the easterly boundary of the Brawners' land from State Road 46 to the north line of Moran's land to gain access to Parcel A. She alleged that there was no other reasonable and practicable way of ingress to and egress from her land, and that, when Jones conveyed the land to Moran, there was implicit in the grant an easement for ingress and egress over land retained by Jones, since the land conveyed to Moran was inaccessible except over land retained by Jones and later conveyed to the Brawners.
At trial, Moran testified that the dirt road belonged to Mr. Spolski, that nobody had ever stopped her from using the dirt road, and that she did not have an easement over the property, even though it had been used by her and others for over 30 years without the owner's permission.[3]
Curtis Dunaway, a right-of-way agent for Seminole County, testified that there was no public road on the east side of the Brawners' or Moran's property, that there were no dedicated or platted easements for ingress or egress to Parcel A, and that the most direct route from Parcel A to a dedicated or public roadway would be along the east boundary of Brawner's property.
The trial court entered a final judgment in favor of the Brawners, finding:
The evidence established that Plaintiff and her grantor have had unimpeded, open, adverse use of the dirt road as access to Plaintiff's property for more than 33 years. The Plaintiff has a reasonable and practicable way of egress and ingress and the implied grant of easement sought by Plaintiff under Section 704.01(1), Florida Statutes, is not reasonably necessary for the beneficial use or enjoyment of Plaintiff's Parcel A land.
The trial court properly determined that Moran was not entitled to an implied grant across the Brawner property based on its determination that she had a practicable way of ingress and egress along the existing dirt road across the Spolski property. Moran argues that she has no legal access via the existing dirt road, and such cannot be obtained in the instant litigation because Spolski was not made a party.
We disagree with Moran. As we held in Faison v. Smith, 510 So.2d 928 (Fla. 5th DCA 1987), a claimant seeking to establish a way of necessity, whether in regard to an implied grant or statutory way, has the burden of proof to establish that he or she has no practicable route of ingress or egress. In this case, Moran's testimony, if true, supports the existence of a legal prescriptive easement across the Spolski property to State Road 46.[4] A claimant is not entitled to elect as between several adequate means of access, even though one may be more convenient than another. See Roy v. Euro-Holland Vastgoed, B.V., 404 So.2d 410, 413 (Fla. 4th DCA 1981). Based on Moran's own testimony, she failed to carry her burden of proof to show necessity  i.e., that she had no other reasonable or practicable way of egress or ingress and that access to the Brawners' property was *1134 reasonably necessary for the beneficial use or enjoyment of the land granted to her by Jones.[5]
AFFIRMED.
SHARP, C.J., and DAUKSCH, J., concur.
NOTES
[1] Jones was included in the complaint as the mortgagee of the subject property.
[2] Section 704.01, Florida Statutes (1985), provides as follows:

IMPLIED GRANT OF WAY OF NECESSITY.  The common-law rule of an implied grant of a way of necessity is hereby recognized, specifically adopted, and clarified. Such an implied grant exists where a person has heretofore granted or hereafter grants lands to which there is no accessible right-of-way except over his land, or has heretofore retained or hereafter retains land which is inaccessible except over the land which he conveys. In such instances a right-of-way is presumed to have been granted or reserved. Such an implied grant or easement in lands or estates exists where there is no other reasonable and practicable way of egress, or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved. An implied grant arises only where a unity of title exists from a common source other than the original grant from the state or United States; provided, however, that where there is a common source of title subsequently to the original grant from the state or United States, the right of the dominant tenement shall not be terminated if title of either the dominant or servient tenement has been or should be transferred for nonpayment of taxes either by foreclosure, revision, or otherwise.
[3] Moran stated that her parents have used the dirt road since 1953, and that she has used the dirt road for access to Parcel C since 1965, and for access to Parcel D since 1978. Moran noted that several other families in the area also use the dirt road.
[4] The apparent "legality" of the prescriptive easement utilized by Moran over the Spolski property, although never judicially determined, distinguishes this case from Matthews v. Quarles, 504 So.2d 1246 (Fla. 1st DCA 1986), relied upon by Moran.
[5] If Moran should undertake an action against Spolski to establish a prescriptive easement via the existing dirt road on his property and lose in that action, she could then seek a statutory way of necessity across the Brawner property pursuant to section 704.01(2), Florida Statutes (1985), and section 704.04, Florida Statutes (1985) (dealing with compensation therefor).