SCHWARTZ, Chief Judge.
The plaintiff-appellant sued for the establishment of an easement by way of necessity across the land of its grantor, the appellee, Moon, so as to reach a tiny piece of its property extending into the Atlantic Ocean. The evidence showed, however, that the area in question, which was usable only by individuals gazing over or entering the water to swim or scuba dive, was also accessible by foot from the main body of the appellant’s property via a narrow but adequate-for-the-purpose strip of land which had likewise been conveyed to the plaintiff. Under these circumstances, we agree with the trial court’s ruling after trial that the plaintiff was not entitled to its claimed easement.
It is the rule that
an easement by way of necessity cannot be implied or granted if there is other reasonable access to the property which will enable the owner to achieve the beneficial use and enjoyment of the property; a claimant is not entitled to an option or an election as between several adequate means of access even though one means of access may be more convenient than another.
Matthews v. Quarles, 504 So.2d 1246, 1248 (Fla. 1st DCA 1986) (citing Roy v. Euro-Holland, Vastgoed, B.V., 404 So.2d 410 (Fla. 4th DCA 1981)). The statute upon which the plaintiff relies, section 704.01(1), Florida Statutes (1987), similarly and specifically provides that an implied easement exists only “where there is no other reasonable and practicable way of egress or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved.” Roy v. Eruo-Holland, 404 So.2d at 411. See also Tortoise Island Communities, Inc. v. Moorings Ass’n, Inc., 489 So.2d 22 (Fla.1986); Picciolo v. Jones, 534 So.2d 875 (Fla. 3d DCA 1988). The condition expressed in these authorities was not satisfied in this case.
AFFIRMED.