**Helen E. WHINNERY, Plaintiff–Appellee,**

v.

**Nicole Renea THOMPSON and Sonya Ann Thompson, Defendants–Appellants.**

No. 92CA0752.

Colorado Court of Appeals,
Div. IV.

April 22, 1993.

As Modified on Denial of Rehearing
July 8, 1993.

Certiorari Granted Feb. 28, 1994.

Mathis and Masters, P.C., David L. Masters, Montrose, for plaintiff-appellee.

Coleman, Brown, Webster & Jouflas, Gregory Jouflas, Joseph Coleman, Grand Junction, for defendants-appellants.

Opinion by Judge REED.

In this action involving disputed rights to an easement across certain real property, defendants, Nicole Renea and Sonya Ann Thompson, appeal the judgment granting an easement of necessity across portions of their property to plaintiff, Helen E. Whinnery. Defendants also appeal the trial court's denial of their cross-claim alleging title by adverse possession to portions of plaintiff's property. We affirm, but remand with directions for further proceedings.

This dispute concerns property which, for many decades, comprised an undivided parcel of land located in Gunnison County. In 1938, plaintiff's parcel of 194 acres was separated by conveyance from defendants' parcel. Approximately ten acres of the northern portion of plaintiff's property is physically separated from the remaining southern portion of her parcel by Elk Creek and its canyon. Both the ownership of, and access to, these ten acres are the subjects of this litigation.

Defendants' property is adjacent to plaintiff's land, bordering the disputed property on the north and east, and generally lying west of Colorado Highway 149. Access to the highway from defendants' land is obtained by their unimproved, private dirt road upon their property.

Plaintiff has access to the highway for that portion of her property south of Elk Creek by means of a road running across her property. However, plaintiff's access into and out of the ten acre tract north of Elk Creek can be gained only by fording Elk Creek from her property south of the creek or by use of defendants' private road. Elk Creek, in this

area, lies at the bottom of a deep and precipitous canyon.

Plaintiff commenced this action to obtain an easement across defendants' private road from the ten acres to the highway. Defendants denied plaintiff's claim to an easement and asserted by counterclaim that they owned the ten acres through adverse possession. Following a trial to the court, judgment was entered granting plaintiff an easement of necessity across defendants' property and denying defendants' claim of adverse possession. This appeal followed.

### I.

■ Defendants first contend that the trial court erred as a matter of law in granting plaintiff an implied easement of necessity across their property. We disagree.

■ An implied easement of necessity arises when the owner of a parcel of land conveys a part thereof to another, which leaves a portion of the original parcel without ingress or egress, except over the part conveyed or retained. The scope and type of use, both present and future, vary with the necessity. *Wagner v. Fairlamb*, 151 Colo. 481, 379 P.2d 165 (1963), *cert. denied*, 375 U.S. 879, 84 S.Ct. 149, 11 L.Ed.2d 110 (1963). An implied easement of necessity is of permanent duration. *Bromley v. Lambert & Son, Inc.*, 752 P.2d 595 (Colo.App.1988).

■ In order to establish an implied easement of necessity, three requirements must be met: (1) the original ownership of the entire tract of land must have been held by a single grantor prior to a division thereof; (2) the necessity must have existed at the time of the severance; and (3) the necessity for the particular right of way must be great. *Wagner v. Fairlamb, supra.*

■ While, generally, an easement of necessity is a term of art which pertains to an easement required to access a landlocked parcel of land, *State Department of Highways v. Denver & Rio Grande Western R.R. Co.*, 757 P.2d 181 (Colo.App.1988), a showing of absolute or strict necessity is not required to create or maintain an easement of necessity in Colorado. *LeSatz v. Deshotels*, 757

P.2d 1090 (Colo.App.1988); *see* Annots., 10 A.L.R. 4th 447, 500 (1981). Thus, absolute physical impossibility of reaching the alleged dominant estate is not a requirement for an easement of necessity, but such an easement is not sanctioned if available alternatives offering reasonable means of ingress or egress exist. What constitutes reasonable access is a fact question for the court to determine in each case. *LeSatz v. Deshotels, supra.*

■ Reasonable access by means of an easement of necessity may be recognized when a way across or from the alleged dominant land parcel exists, but the expenses to be incurred to make it usable are grossly in excess of the total value of the land itself. *Smith v. Griffin*, 14 Colo. 429, 23 P. 905 (1890). Likewise, an easement of necessity has been found to exist when the court has determined that there is a practical inability to have access to property by any other means. A lack of access to parts of land has been determined to exist in the Telluride area because it is "a very mountainous, rocky area with steep canyon walls, where roads at best are hazardous, expensive and dangerous to build." *Wagner v. Fairlamb*, 151 Colo. at 486, 379 P.2d at 168.

Here, as the trial court determined, the first element necessary for an implied easement by way of necessity was established because unity of title existed when defendants' and plaintiff's property were owned by a single grantor in 1938. In addition, the record supports the trial court's finding that, in 1938, when the property was divided, access to the disputed property was obtainable either by crossing Elk Creek and its canyon or by use of the route now in dispute. Thus, the need for an easement across the disputed route existed at the time the property was severed, and the second element necessary for an easement of necessity is thereby satisfied. Consequently, the primary issue in dispute is whether the trial court properly determined that, pursuant to the third element necessary for an easement of necessity, the necessity for the easement here is great.

The evidence adduced at trial shows that the ten acre tract is separated from the remainder of plaintiff's land by a canyon cradling Elk Creek with walls rising any-

where from 50 to 80 or 100 feet high. Several witnesses testified regarding the difficulty of crossing Elk Creek and the canyon on foot or by horseback. Plaintiff's engineering expert testified that the canyon walls consist of shelves, interspaced with sections of slide rock that are steep, rocky, and difficult ground. Expert testimony also indicated that the cost of building a road across the canyon would run from $60,000 to $100,000 and would include blasting out the canyon walls. The cost of filling the canyon was estimated at $95,000 to $145,000, while the cost of building a bridge across the canyon was determined to range between $150,000 to $500,000. In comparison, the value of the ten acre tract was estimated to be between $40,000 and $50,000.

We conclude that the evidence supports the trial court's finding that the necessity for plaintiff's easement across defendants' property is great. First, the expenses to be incurred in utilizing the way across Elk Creek from the disputed property to plaintiff's remaining land are estimated to be two or three times the value of the disputed property. Second, a practical inability to obtain access to the land exists because of the difficulty involved in traversing Elk Creek and the grossly excessive costs to build a road or bridge across the canyon. *See Wagner v. Fairlamb, supra; Smith v. Griffin, supra.* Accordingly, under these circumstances, the trial court did not err in finding the elements necessary to grant plaintiff an implied easement of necessity.

## II.

Defendants also contend that the trial court erred, as a matter of law, in failing to find the existence here of an easement by prescription vested in plaintiff, which would preclude the granting of an implied easement of necessity. Defendants argue that plaintiff used the right-of-way that she is now claiming as an easement of necessity in a manner consistent with that of a prescriptive easement. Again, we disagree.

■ At the moment in time that the unity of title of a parcel of property is severed, an easement of necessity implicitly arises into being. *Wagner v. Fairlamb, supra.* By comparison, a prescriptive easement may be acquired only following 18 years of continuous, open, and adverse possession of the right-of-way. *Agricultural Ditch & Reservoir Co. v. Gleason,* 686 P.2d 802 (Colo.App. 1984), *rev'd in part on other grounds, Hutson v. Agricultural Ditch & Reservoir Co.,* 723 P.2d 736 (Colo.1986); § 38–41–101, C.R.S. (1982 Repl. Vol. 16A).

■ Even if adverse and prescriptive use could be shown, a claim for a prescriptive easement cannot defeat a claim for a preexisting easement by necessity, as to the same right-of-way. This is because the easement of necessity must, by definition, have predated the existence of the subsequent easement by prescription by at least 18 years. Thus, as concerning the same right-of-way, the existence of elements necessary to establish an easement by prescription cannot, as a matter of law, preclude the existence of an easement by necessity previously acquired.

Defendants' reliance upon *Moran v. Brawner,* 519 So.2d 1131 (Fla.App.1988) is misplaced. In *Moran,* landowners were denied an easement of necessity for access to adjacent landowners' property because a prescriptive easement previously acquired offered a practical way of ingress and egress across other property. Thus, in *Moran,* unlike the case here, no necessity for a means of access was present.

Our disposition renders moot defendants' contention that the trial court erred in failing to find an easement by prescription.

## III.

Defendants further contend that the trial court erred in denying their counterclaim for adverse possession of the disputed property based on its determination that the evidence did not meet the applicable tests for adverse possession. We perceive no error.

■ In order to acquire title by adverse possession, claimants have the burden of proving, by a preponderance of the evidence, that possession was actual, adverse, hostile, and under a claim of right and that it was exclusive and uninterrupted for the statutory period. *Gerner v. Sullivan,* 768 P.2d

701 (Colo.1989); § 38–41–101(1), C.R.S. (1982 Repl. Vol. 16A). An initial presumption favors the record title holder. *Miller v. Bell,* 764 P.2d 389 (Colo.App.1988).

The trial court found, with record support, that the elements necessary to establish a claim for adverse possession did not exist. Thus, we decline to disturb the trial court's denial of the claim.

### IV.

Finally, defendants contend that the trial court, in its decree, failed adequately to define the precise location of the easement granted to plaintiff. We agree, but conclude that reversal is not warranted by the omission.

The trial court identified the location of the implied easement of necessity granted to plaintiff in its judgment, decreeing that "plaintiff has an easement of necessity to use the existing roadway on the defendants' property from Colorado Highway 149 to the point where such road enters upon that portion of NW ¼ SW ¼ Section 11, Township 45 North, Range 4 West, N.M.P.M., lying north of Elk Creek."

The trial court's description of the easement's location is adequate in view of the historical use of the easement. However, a decree for an easement must leave no doubt as to its location, width, and its termination. *Isenberg v. Woitchek,* 144 Colo. 394, 356 P.2d 904 (1960); *Gjovig v. Spino,* 701 P.2d 1267 (Colo.App.1985). Consequently, it is necessary to remand the cause to the trial court for further proceedings, including additional testimony as may be required, in order definitely to describe the easement.

The judgment is affirmed except as to the description of the easement. That part of the judgment is vacated, and the cause is remanded with directions that the trial court commence additional proceedings to determine the specific location of the easement

granted and to amend the decree accordingly.

PLANK and MARQUEZ, JJ., concur.