CARL T. ALBRECHT, *Appellant*, v. DRAKE LUMBER COMPANY, A CORPORATION, *Appellee.*

Opinion Filed March 31, 1914.

Rehearing Denied May 19, 1914.

PAROL LICENSE TO CONSTRUCT PERMANENT STRUCTURES ON LAND OF LICENSOR BECOMES IRREVOCABLE WHEN EXECUTED—VENDEE OR LICENSOR TAKES THE LAND BURDENED WITH THE EXECUTED SUBJECT OF THE LICENSE AND HAS NO RIGHT TO OBJECT THERETO OR TO RECOVER DAMAGES THEREFOR.

1.  A parol license, without consideration, to construct upon the land of the licensor any permanent structure, such as an irrigation ditch, a mill-dam or railway, cannot be revoked at the pleasure of the licensor, where the licensee, in consequence of the license, at great cost, has erected his mill or constructed his railroad. Such executed license becomes an easement.

2.   The vendee of such licensor, becoming such subsequently to the execution of such license, takes the land burdened with the executed subject of the license and has no right to object to its presence, or to sue for or recover damages therefor.

Appealed from Circuit Court for Dade County; Daniel A. Simmons, Judge.

Order appealed from affirmed.

*Hudson & Boggs,* for Appellant;

*Shutts, Smith & Bowen,* for Appellee.

### STATEMENT.

The appellee as complainant below filed its bill in the Circuit Court of Dade County against the appellant as defendant below, and alleged therein as follows:

"1.   That your orator is the owner and operator of a sawmill at Priceton, Florida, and owns and operates in connection therewith a private line of railroad, the same being necessary for the transportation of logs of its mill.

2.   That the defendant claims to own the northwest quarter of the southeast quarter of Section seventeen (17) Township Fifty-six (56) South of Range Thirty-nine (39) East, Dade County, Florida, but that the ownership of the defendant is subject to the right-of-way of your orator. That your orator has built and constructed across said land its line of railroad, and that said line of railroad was built and constructed prior to the acquiring of said land by the defendant. That your orator's title and right to operate over and across said land was derived from purchase from one C. W. Hill,

who gave your orator the right and title to said right-of-way and said C. W. Hill sold said property to said defendant saving and reserving said right-of-way of the complainant, and the defendant herein purchased said land from said C. W. Hill, with full knowledge of the rights of your orator and with full knowledge that said railroad was actually being operated across said land at that time.

3. Your orator further represents that it is now the true and lawful owner of said right-of-way, with full right to operate its log train over and across said land, and that the defendant is threatening to take proceedings to stop the further operation of said railroad and other and further damages to your orator, either by tearing up and removing its rails and ties, or otherwise interfering with the operation of its trains.

4. Your orator further represents that if the defendant is permitted to continue to tear up and remove its rails or ties, or otherwise interfere with the operation of its trains that it will be irreparably injured; that the operation of its train is absolutely necessary for the operation of its mill, and that it has contracts for the supply of lumber, which cannot be supplied unless it can receive logs, and that the failure to fill said contracts which it now has on hand would so injure your orator that it could not be compensated in money damages or an action at law. And your orator represents that unless the defendant, his agents, servants and employes are restrained by an order of this court, that he will at once put into effect his threats, and it is necessary for the protection of your orator's interests that a restraining order be issued at once. Your orator fully represents that it has an interest in the land so as to justify the application.

Inasmuch therefore, as your orator is without remedy in the premises, except in court of Equity, your orator prays that the said Carl T. Albrecht may be required to make full, complete and perfect answer unto this bill of complaint, that not under oath, the answer under oath being hereby expressly waived; that a temporary restraining order may be issued against the said Carl T. Albrecht, his agents, servants and employes, enjoining and restraining them and each of them, from interfering with the operation of its trains, engines and cars, from destroying or attempting to destroy or remove its rails and ties, from obstructing or attempting to obstruct is righ-of-way or trains or from otherwise interfering with its equipment necessary for the operation of its trains, and upon a hearing of this cause that said injunction may be made perpetual."

Upon this bill duly sworn to a Court Commissioner granted a temporary injuction as prayed for in the bill.

The defendant answered the bill as follows:

"(1) Defendant admits that complainant is the owner of a certain sawmill and that it operates in connection therewith a private line of railroad for the transportation of logs to its mill, but is not advised as to the necessity of such railroad for said purpose and prays strict proof thereof.

(2). Defendant admits that he is the occupant of the lands described in the bill of complaint herein and says that he holds the said lands under and by virtue of a contract of purchase from the Florida Plantations Company, a corporation. He admits that said railroad was constructed prior to the purchase by said defendant of said lands, but denies that it has any right-of-way or easement for its said railroad across the said lands and denies that defendant had any knowledge of any claim or

right by complainant to operate its said railroad across the said lands and defendant says that the said railroad was constructed across the said lands by complainant by virtue of a certain license from one C. W. Hill, the former owner of said land and that said license has long since been revoked by reason of the sale of said land by C. W. Hill, and defendant says that the said railroad was not in operation across the said land at the time of his purchase of said lands but was at that time dis-used and that defendant made inquiries as to the rights of the plaintiff to maintain said railroad and learned the true facts as to the said railroad being constructed and operated under a mere license as aforesaid.

(3). Defendant denies that complainant is the lawful owner of said right-of-way and that it has any right to operate its log trains over and across the said land, but admits that on the 9th day of August, 1913, he gave notice in writing to the complainant that unless the said railroad was removed on or before the 9th day of September, he, the said defendant would remove the same or so block and obstruct it as to prevent the operation of trains thereover, and defendant says that he fully intended to stop and prevent the operation of trains over said railroad and to remove the same or cause it to be removed as an unwarrantable obstruction upon his said lands and an unlawful hindrance to defendant in the enjoyment thereof.

(4) Defendant is not advised as to what injury may be done to plaintiff by interference with its right-of-way or as to the operation of its trains being necessary for the operation of its mill or as to any contracts of complainant, but says that complainant is wrongfully trespassing upon the lands of the defendant and is greatly injuring defendant's property and putting the same to

the hazard of fire and obstructing the defendant in the use and enjoyment of his said property and defendant claims full right to prevent the operation and maintenance of said railroad across his said property.

(5)   And by way of objection on points of law to the said bill, defendant says that the same fails to set up any lawful or enforcible right in the plaintiff to maintain or operate the said railroad across plaintiff's lands and defendant claims the same advantage of said deficiency in said bill as if the same had been taken by demurrer and having fully answered defendant prays to be hence dismissed with his costs in this behalf most wrongfully sustained."

The defendant on this answer and divers *ex parte* affidavits and exhibits, moved for dissolution of said injunction on the following grounds:

1.   Because the bill of complaint shows no equity in complainant.

2.   Because the said injunction was granted to become effective without requiring bond.

3.   Because the plaintiff has no right-of-way or easement across the lands of defendant for his logging railroad.

4.   Because the defendant has a good and defensible fee simple title to the lands described in the bill of complaint and the plaintiff has been served with notice to remove his said railroad and is a near trespasser on the lands of the defendant.

The complainant at the hearing on this motion exhibited divers *ex parte* affidavits to sustain its bill.   At the hearing the court denied this motion and continued the injunction in force.   From this order the defendant appeals to this court.

TAYLOR, J., (*after stating the facts*)—Two questions are presented in this case: (1) Where the owner of land, without consideration, by parol, gives license to another to build, locate and construct a railroad on and across his land, and the licensee at great cost executes such license by constructing such railroad and puts it into actual operation for the purpose of transporting logs to his sawmill located upon other land, is such license revocable at the will and pleasure of the licensor or of his grantee of the land who became such grantee after the execution of such license?

(2) Is such grantee, who purchased the land subsequently to the construction and operation thereon of such railroad, in a position legally to object to the maintenance of such railroad on such land or to cause or have the same removed therefrom, or to obstruct its operation thereon?

While there is conflict in the authorities as to the first of these two questions, yet the great weight and preponderance thereof are on the side of a negative answer thereto, and hold that a parol license, without consideration, to construct upon the land of the licensor any permanent structure, such as an irrigation ditch, a mill-dam or railway, can not be revoked at the licensor's pleasure, where the licensee, in consequence of the license, at great cost has erected his mill, or constructed his railroad. See the leading case of Rerick v. Kern, 14 Serg. & Rawle, (Pa.) 267, as reported in 16 Am. Dec. 497, and numerous citations both pro and con in the copious notes to that case; Shaw v. Proffitt, 57 Ore. 192, 109, Pac. Rep. 584, 110 Pac. Rep. 1092; 26 Am. Cas. 63. In the case last cited it is held: "That an express oral license, becoming irrevocable by execution, by expenditures in permanent improvements in reliance thereon, inuring to the

benefit of the licensor, if relating to the use or occupation of real estate, becomes an easement. The licensor's attempted revocation of the express license, which has been executed by expenditure in permanent improvements by the licensee to the knowledge of the licensor, is a fraud, against which equity will relieve by estoppel."

The second of these questions must likewise be answered in the negative. The appellant when he purchasd the land took it with the burden of the railroad thereon and is not in position to object to its presence or to sue for or recover damages therefor. Roberts v. Northern Pacific R. R. Co., 158 U. S. 1, 15 Sup. Ct. Rep. 756; Bennett v. Booth, 70 West Va. 264, 73 S. E. Rep. 909, 39 L. R. A. (N. S.) 618; Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 South. 381.

The court below correctly refused to dissolve the temporary injunction and the order appealed from is hereby affirmed at the cost of the appellant.

SHACKLEFORD, C. J., AND WHITFIELD, J., concur.

COCKRELL, J., concurs in the result.

HOCKER, J., takes no part.