489 So.2d 22 (1986)
TORTOISE ISLAND COMMUNITIES, INC. and Tortoise Island Group, Ltd., Petitioners,
v.
The MOORINGS ASSOCIATION, INC., Individually and the Moorings Association, Inc., a Class Representation, Respondents.
No. 66385.
Supreme Court of Florida.
June 5, 1986.
Kerry I. Evander of Reinman, Harrell, Silberhorn, Moule & Graham, P.A., Melbourne, for petitioners.
J. Daniel Ennis of Holcomb, Ennis, Theriac, Brinson, Amari & Roberts, Cocoa, for respondents.
PER CURIAM.
We review Moorings Association v. Tortoise Island Communities, Inc., 460 So.2d 961 (Fla. 5th DCA 1984), because of direct and express conflict with Canell v. Arcola Housing Corp., 65 So.2d 849 (Fla. 1953). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The facts of the case are set forth in the decision below and do not need to be repeated here. The issue of law is whether an easement by implication from a preexisting use requires an absolute necessity or only a reasonable necessity such as will contribute to the convenient enjoyment of property. The court below held that a reasonable necessity was sufficient. In a well reasoned dissent, Judge Cowart maintained that such easement required an absolute necessity. We agree with Judge Cowart's reasoning and adopt it as our own.
The decision below is quashed and the case remanded for proceedings consistent with this opinion.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents with an opinion.
BOYD, Chief Justice, dissenting.
I dissent because I believe the district court of appeal was correct. The district court held that the allegations of the complaint, if proven to be true, would establish the respondents' entitlement to judicial relief under legal precedents recognizing the creation of easements by implied grant. I would approve the decision of the district court of appeal.