629 So.2d 127 (1993)
Robert M. DANCE, Petitioner,
v.
Ray TATUM, Respondent.
No. 80721.
Supreme Court of Florida.
December 16, 1993.
*128 John F. Bennett, Fishback, Dominick, Bennett, Stepter & Ardaman, Orlando, for petitioner.
John V. Baum, Panico & Baum, Maitland, for respondent.
SHAW, Justice.
The Fifth District Court of Appeal has certified the following question as one of great public importance:
WHETHER, IN LIGHT OF MOORINGS ASSOCIATION, INC. V. TORTOISE ISLAND COMMUNITIES, 460 So.2d 961 (FLA. 5TH DCA 1984), DECISION QUASHED, 489 So.2d 22 (FLA. 1986) (DISSENT APPROVED), THE STATEMENT IN ALBRECHT V. DRAKE LUMBER CO., 67 FLA. 310, 65 SO. 98 (1914), TO THE EFFECT THAT AN IRREVOCABLE LICENSE BECOMES AN EASEMENT BASED ON EQUITABLE ESTOPPEL, MEANS THAT AN IRREVOCABLE LICENSE CAN NO LONGER EXIST IN FLORIDA.
Tatum v. Dance, 605 So.2d 110, 113 (Fla. 5th DCA 1992). We have jurisdiction. Art. V, 3(b)(4), Fla. Const.
In 1975, petitioner Dance purchased from Rapp and Broleman a tract of unimproved land (parcel A) for $250,000. The "package deal" purchase price included Rapp's architectural design for a car dealership to be built on parcel A. Without benefit of a written drainage easement, virtually all of parcel A was paved and drainage from parcel A was piped into a borrow pit located on parcel B, also owned by Rapp and Broleman.
In 1984, Rapp and Broleman sold parcel B to respondent Tatum, who in 1987 sold to Dance, taking back a purchase money note and mortgage. Subsequently, Dance defaulted on the note and a foreclosure judgment was entered in favor of Tatum. Dance does not challenge the validity of the foreclosure action, but he argues that he has an easement that allows him continued access to parcel B's borrow pit.
The trial court held that Dance has an irrevocable oral drainage license that survives the foreclosure and benefits Dance's successors. The district court, affirming in part and reversing in part, held that the license was irrevocable, but the benefits thereof could not be transferred by Dance to a successor. Tatum v. Dance, 605 So.2d 110 (Fla. 5th DCA 1992).
The district court's opinion relies upon Albrecht v. Drake Lumber Co., 67 Fla. 310, 65 So. 98 (1914), for the proposition that "a parol license, without consideration, to construct a permanent structure upon the land of the licensor for the benefit of the licensee cannot be revoked at the pleasure of the licensor where the licensee, in reliance on the license, has expended substantial sums on improvements." Tatum, 605 So.2d at 112. This is in accord with the general law governing irrevocable licenses. Unfortunately Albrecht also held that an irrevocable license "becomes an easement." 67 Fla. at 317, 65 So. at 100 (citing Shaw v. Proffitt, 57 Or. 192, 110 P. 1092 (1910)). This untimely reference to an irrevocable license maturing into an easement tends to obliterate the distinction that exists between a license and an easement and conflicts with Tortoise Island Communities, Inc. v. Moorings Ass'n, Inc., 489 So.2d 22 (Fla. 1986) (adopting dissenting opinion filed in lower court), quashing, 460 So.2d 961 (Fla. 5th DCA 1984). Tortoise holds that an easement may be created only by express grant, prescription, or implication.
Obviously troubled by this conflicting language, the district court, by way of the certified question, has asked us to clarify whether an irrevocable license continues to exist in Florida. We answer the certified question in the negative.
Florida case law recognizes that "[a] license may generally be revoked at the pleasure of the grantor, no matter how long continued, but the rule as to revocation does not apply when permission is granted to use property for a particular purpose, or in a certain manner, and in the execution of that use the permittee has expended large sums or incurred heavy obligations for its permanent improvement." Seaboard Air Line Ry. v. Dorsey, 111 Fla. 22, 27, 149 So. 759, 761 *129 (1932). A vendee of the licensor, who takes with notice at the time of purchase, is burdened with the license and "is not in position to object to its presence or to sue for or recover damages therefor." Albrecht, 67 Fla. at 317, 65 So. at 100. In contrast, an easement runs with the land, usually is permanent in nature, and is governed by the merger doctrine.[1]Tortoise, 489 So.2d 22. It is clear that Florida historically has recognized the distinctive natures of an irrevocable license and an easement. This distinction is properly acknowledged and preserved by Tortoise and we hereby recede from Albrecht to the extent it conflicts with Tortoise.
In the instant case, the record supports the trial court's findings that Dance, to his benefit and in reliance on Rapp's oral granting of a license, expended a substantial sum of money to build and maintain a car dealership and borrow pit. These facts are congruous with an irrevocable license. The record also supports the fact that Tatum took with constructive notice and must honor the license.
Dance asserts that Tatum's acceptance of the foreclosure's benefits precluded Tatum from appealing the validity of the irrevocable license, and as a consequence, the trial court's ruling should be affirmed in its entirety. Both parties agree that when a party recovers a judgment and accepts the benefits thereof, he is, on appeal, estopped to seek a reversal of that judgment. While this is generally true, case law reveals that there are two exceptions to this stated rule: 1) where the relief denied is separate and severable from the relief granted; or 2) where the appellant is entitled in any event to at least the amount received. McMullen v. Fort Pierce Fin. & Constr. Co., 108 Fla. 492, 146 So. 567 (1933). See also Kuharske v. Lake County Citrus Sales, 44 So.2d 641 (Fla. 1949); Brown v. Epstein, 208 So.2d 836 (Fla. 4th DCA 1968).
This case falls within the exceptions. The issue of an irrevocable license is separate and distinct from the issue of foreclosure and Tatum was entitled to the monies received in foreclosure, a fact not contested by Dance. Accordingly, Tatum's appeal was not precluded.
Finally, Dance contends that the issue of whether the license was only personal to Dance was raised for the first time on appeal. While it is inappropriate to raise an issue for the first time on appeal, Dober v. Worrell, 401 So.2d 1322, 1323 (Fla. 1981), it does not appear that this issue originated on appeal. The trial court determined that an irrevocable license existed and the district court merely modified this holding. In doing so, the district court did not create an issue, but instead reviewed an issue it received from the court below.
We approve the decision of the district court and answer the certified question in the negative.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Under the doctrine, the merging of titles of the dominant and servient estates would eliminate any easements, and subsequent divestment will not revive the easements. Roger A. Cunningham, et al., The Law of Property 464 (2d ed. 1993). Thus if Dance had an easement, such easement would have been eliminated when parcels A and B came under his control. See also Lacy v. Seegers, 445 So.2d 400 (Fla. 5th DCA 1984) (an easement is extinguished through the merger of the dominant and servient estates).