669 So.2d 1138 (1996)
OAKLAND EAST MANORS CONDOMINIUM ASSOCIATION, INC., Appellant/Cross-Appellee,
v.
Margaret D. LA ROZA, Appellee/Cross-Appellant.
No. 94-0459.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
*1139 Gary J. Olsen of Morgan, Olsen & Olsen, Fort Lauderdale, for appellant/cross-appellee.
Sheldon Zipkin of Roth, Zipkin, Cove & Roth, N. Miami Beach, for appellee/cross-appellant.
DELL, Judge.
This appeal and cross-appeal follow a second amended final judgment allowing appellant to recover from appellee unpaid condominium assessments. Appellant contends the trial court erred when it denied its claim for foreclosure of a lien on appellee's condominium, when it failed to award prejudgment interest of eighteen percent on the past due general and special assessments and when it denied an award of reasonable attorney's fees incurred in collecting the past due assessments.
Initially, we affirm the trial court's denial of appellant's claim of foreclosure. Since entry of the final judgment, appellee has paid and appellant has satisfied the amount of the final judgment. Appellant cannot accept the benefits of the judgment and then seek to have the judgment reversed. Dance v. Tatum, 629 So.2d 127 (Fla. 1993). Appellant's remaining points on appeal fall within the exceptions to the acceptance of benefits doctrine.[1]
We find merit in appellant's argument that the trial court erred when it refused to award prejudgment interest at the rate of eighteen percent on all past due assessments. The bylaws specifically provided for unpaid assessments to bear interest at the "highest rate of interest ... permissible *1140 under the usury laws of the State of Florida." The usury statute, section 687.02, Florida Statutes (1993), permits "18 percent per annum simple interest" as the highest rate of legal interest chargeable on the unpaid assessments in this case. No issue exists as to the validity of the bylaw provision, and thus the trial court did not have discretion to decline enforcement of its terms. See § 718.303, Fla.Stat. (1993); Sybert v. Combs, 555 So.2d 1313 (Fla. 5th DCA 1990); Brickell Bay Club Condo. Ass'n, Inc. v. Forte, 397 So.2d 959 (Fla. 3d DCA), rev. denied, 408 So.2d 1092 (Fla.1981). The trial court similarly erred when it denied appellant's motion for reasonable attorney's fees notwithstanding the bylaws' express provision for the recovery of attorney's fees. See § 718.303, Fla.Stat. (1993); Sybert; Brickell Bay.
Appellee has failed to demonstrate reversible error on the points raised on cross-appeal. Therefore, except as stated herein, we affirm the second amended final judgment in all respects. We remand this cause to the trial court with instructions to award appellant interest on the unpaid assessments at the rate of eighteen percent per annum simple interest and to award appellant the amount of reasonable attorney's fees and costs incurred in the collection of the past due assessments.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
STONE, J., and KAHN, MARTIN D., Associate Judge, concur.
NOTES
[1] In Dance, the supreme court provided two exceptions to the acceptance of benefits doctrine: "1) where the relief denied is separate and severable from the relief granted; or 2) where the appellant is entitled in any event to at least the amount received." Id. at 129.