710 So.2d 771 (1998)
MAIN STREET INDUSTRIES, INC., a Florida corporation, Appellant,
v.
K-MART CORPORATION, a Michigan corporation, George Sahagian, an individual, and Burton Moss, an individual, Appellees.
Nos. 97-0522, 97-2578.
District Court of Appeal of Florida, Fourth District.
June 3, 1998.
Jeffrey M. Herman and Stuart S. Mermelstein of Herman Grubman & Moore, Miami, for appellant.
Martin B. Woods of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Fort Lauderdale, for Appellee-K-Mart Corporation.
Robert A. Plafsky of Robert A. Plafsky, P.A., Fort Lauderdale, for Appellee-George Sahagian.
Robert A. Rosenblatt of The Rosenblatt Law Firm, Pinecrest, for Appellee-Burton Moss.
PER CURIAM.
Main Street Industries, Inc. appeals the trial court's order granting K-Mart Corporation's emergency motion to enforce an oral *772 settlement agreement. K-Mart argues that Main Street forfeited its right to appeal by accepting the benefits of the settlement. We agree.
"[W]hen a party recovers a judgment and accepts the benefits thereof, he is, on appeal, estopped to seek a reversal of that judgment." Dance v. Tatum, 629 So.2d 127, 129 (Fla.1993). We are not persuaded by Main Street's argument that the acceptance of benefits doctrine does not apply because the trial court ordered K-Mart to pay the settlement proceeds. Main Street could have requested payment to be directed to the court registry. Alternatively, Main Street could have obtained a stay by posting a bond as directed by the trial court. Because remedies were available, but it instead accepted the proceeds of the settlement, Main Street cannot now appeal.
Accordingly, we dismiss the appeal.[1]
DELL, WARNER and KLEIN, JJ. concur.
NOTES
[1] In case number 97-2578, Main Street also appeals the order granting Burton Moss' motion to enforce the settlement agreement. Although Mart moved to dismiss this appeal for failure to obtain the necessary transcripts, it is rendered moot after the dismissal of the main appeal due to Main Street's acceptance of the settlement proceeds. Dance v. Tatum, 629 So.2d 127, 129 (Fla.1993).