959 So.2d 1268 (2007)
Jose CHAVEZ, Appellant,
v.
BONNIE TILE CORPORATION and Summit Holdings, Appellees.
No. 1D07-2107.
District Court of Appeal of Florida, First District.
July 6, 2007.
*1269 Marcos R. Gonzalez of Gonzalez, Porcher, Albear & Garcia P.A., Lake Worth, for Appellant.
H. George Kagan and Amy B. Siegel of Miller, Kagan, Rodriguez & Silver, P.L., West Palm Beach, for Appellees.
PER CURIAM.
The claimant has taken an appeal from an order of the Judge of Compensation Claims which granted a motion to enforce a settlement. We dismiss the appeal as moot.
The JCC granted the employer/servicing agent's motion to enforce a settlement and directed that washout papers be filed with the JCC within ten days of the date of the order. Claimant then executed the washout settlement papers which the JCC approved. The e/sa then mailed checks to claimant's counsel in the full amount provided by the settlement. After the settlement checks were negotiated, claimant filed the notice of appeal.
E/SA filed a suggestion of mootness asserting that claimant should be estopped to challenge the JCC's order enforcing the settlement with which the parties have fully complied. Claimant has objected stating that enforcement of the settlement agreement severed his right to obtain coverage for future medical treatment. Claimant states that the case should not be dismissed simply because he complied with the JCC's order and that if he had failed to comply with the order, he would have found himself in contempt of court.
"[W]hen a party recovers a judgment and accepts the benefit thereof, he is, on appeal, estopped to seek reversal of that judgment." Dance v. Tatum, 629 So.2d 127, 129 (Fla.1993). We are unpersuaded by claimant's argument that the acceptance of benefits doctrine does not apply because the JCC ordered the parties to file washout papers. Claimant could have filed a motion to stay compliance with the order pending appeal, signed the washout papers as directed and requested that they not be enforced pending this appeal or requested that the JCC hold the settlement checks pending the outcome of this appeal. Because claimant failed to pursue any alternative remedy and instead accepted the proceeds of the settlement, he cannot now appeal. See Main Street Indus., Inc. v. K-Mart Corp., 710 So.2d 771 (Fla. 4th DCA 1998). This appeal is hereby DISMISSED as moot.
WEBSTER, DAVIS, and VAN NORTWICK, JJ., concur.