SCALES, J.
Appellant, plaintiff below, Brian Keane (“Keane”), appeals from the trial court’s summary final judgment in favor of appel-lee, defendant below, The President Condominium Association (“the Association”). We affirm the trial court’s final judgment as to Count II (removal of board members), Count III (intentional interference with a contract), and Count IV (civil conspiracy) without further discussion. Additionally, for the reasons stated below, we affirm the trial court’s summary final judgment as to Count I (seeking a declaratory judgment).

FACTS AND PROCEDURAL BACKGROUND

In 1998, Keane purchased a Miami Beach condominium unit for $50,000.00. Shortly after purchasing the unit, Keane paid the Association an additional $5,000.00 for an extra parking space. To memorialize Keane’s parking space arrangement, Keane and the Association entered into a license agreement, which reads, in its entirety, as follows:

PARKING SPACE LICENSE

KNOW ALL MEN BY THESE PRESENTS, that the undersigned, as agent for AMERICAN AMBASSADOR CORP., a Florida Corporation, for $10.00 and other goods and valuable consideration, the sufficiency and receipt of which are hereby acknowledged by each of the parties, does hreby [sic] grant a License unto BRIAN KEANE, for the use and all rights benefit of the parking space specifically delineated and described in the attached Exhibit “A,” which License shall run with the ownership of Unit 4A of the President Condominium and is specifically for the use of the Owner, subject to all of the rules and regulations of the President Condominium Association as may from time to time exist.
The parking space license was signed by the property manager on behalf of the Association. Nearly ten years later, in 2009, the Association, through its attorney, *1156 sent written notice to Keane purporting to revoke the license.
Keane filed a lawsuit in the Circuit Court seeking, inter alia, a declaratory judgment against the Association, essentially alleging that the Association had wrongfully revoked Keane’s parking space license. The trial court entered a summary final judgment for the Association, holding that no genuine issue of material fact existed. The trial court determined that “[t]he parking license was properly revoked by the Association. Said revocation was proper as any rights [Keane] had pursuant to the parking license were personal to him and revocable by the Association.” Keane timely appealed.

ANALYSIS

Our review of the trial court’s summary final judgment is de novo. Casino Invs., Inc. v. Palm Springs Mile Assocs., Ltd., 128 So.3d 98 (Fla. 3d DCA 2013).
At oral argument and in their briefs, the parties stipulated that the “Parking Space License” is a license as opposed to an easement or a lease. The law is well established in Florida that a license is generally revocable at the pleasure of the licensor/grantor. See Dance v. Tatum, 629 So.2d 127, 128 (Fla.1993); Seaboard Air line Ry. Co. v. Dorsey, 111 Fla. 22, 149 So. 759, 761 (1932); Homestead-Miami Speedway, LLC v. City of Miami, 828 So.2d 411, 413 (Fla. 3d DCA 2002). Unlike a lease or an easement, a license is not an interest in real property; it merely gives one the authority to do a particular act on another’s land.[1] See Seaboard Air Line Ry., 149 So. at 761; Dupont v. Whiteside, 721 So.2d 1259, 1263 (Fla. 5th DCA 1998). Therefore, the parking space license was revocable at the will of the Association, and the Association properly revoked it.
The trial court correctly found that the Association met its burden of establishing the absence of any genuine issue of material fact regarding the revocability of the license.
Affirm.

. Florida has recognized a narrow exception to this revocability rule when (i) permission is granted to use the property for a particular purpose, and (ii) in the execution of that use the permittee has expended large sums or incurred heavy obligations for its permanent improvement. Dance, 629 So.2d at 128. Here, while Keane paid considerable consideration for the subject license, there is no record evidence that Keane expended a substantial sum of money to improve the parking space so as to implicate this exception.