# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-2806 & 3D14-2525
Lower Tribunal No. 11-32171

_____

**Brian P. Keane,**
Appellant,

vs.

**The President Condominium Association, Inc., et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Newman & Tempkins, P.A., and Harry Tempkins, for appellant.

Becker & Poliakoff, P.A., and Lilliana M. Farinas-Sabogal and Michael C. Gongora, for appellees.


Before SALTER, LOGUE, and SCALES, JJ.

LOGUE, J.

In these consolidated appeals, Brian P. Keane, a unit owner at the President Condominium ("unit owner"), seeks review of the trial court's order granting attorneys' fees in favor of the President Condominium Association, Inc. ("Association"), as well as the trial court's granting of the Association's objection to the unit owner's claim of exemption from garnishment and request to strike.

The orders on appeal are the results of protracted litigation between the parties, which commenced in 2009 when the unit owner filed a lawsuit in county court against the Association over the license to use a parking space owned by the Association. Years later, the case was resolved in favor of the Association and attorneys' fees and costs were awarded to the Association. Following the fee award, the Association obtained a writ of garnishment against the unit owner. The unit owner filed a claim of exemption to garnishment and the Association successfully filed an objection and motion to strike. This appeal followed.

The unit owner raises several issues on appeal. We find only three issues meritorious. While the trial court properly found that the Association was entitled to attorneys' fees, it appears, as properly and commendably conceded by the Association, that the trial court inadvertently included in the final judgment fees attributable to matters where fees were not recoverable. More specifically, the trial court improperly awarded (1) fees directly related to a prior appeal before the circuit court in its appellate capacity for which fees had been expressly denied, (2)

2

fees attributable to the appeal in Keane v. The President Condominium Association, Inc., 133 So. 3d 1154 (Fla. 3d DCA 2014), where again, fees were denied, and (3) costs in the amount of $667.40, related to computerized legal research which were not billed to the Association. These fees and costs were improperly awarded and should be reduced from the judgment awarding fees.

Additionally, the trial court appears to have awarded fees for entries between May 7, 2012 and May 24, 2012 for matters involving the unit owner, but unrelated to the underlying case. An entry dated October 16, 2012 billing for a matter involving the unit owner and a water leak, but unrelated to the underlying matter, was also erroneously included. Because these entries were unrelated to the underlying lawsuit, fees should not have been awarded on these entries and they must also be removed from the fee award.

As to the writ of garnishment, the unit owner asserts that the trial court committed reversible error by not dissolving the writ when the Association failed to file a sworn written statement contesting the unit owner's claimed exemptions within the time provided by section 77.041(3), Florida Statutes (2014). We agree. "We begin by acknowledging that garnishment statues must be strictly construed, and statutory provisions regarding exemptions from garnishment must be strictly construed in favor of the debtor." Marquez v. BlueCare Home Health Servs., Inc.,

3

116 So. 3d 563, 565 (Fla. 3d DCA 2013) (internal citation omitted). The garnishment statute provides, in pertinent part:

> Upon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions. If the plaintiff or the plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within 8 business days after hand delivering the claim and request or, alternatively, 14 business days if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

§ 77.041(3), Fla. Stat. (emphasis added).

Here, it is undisputed that the Association filed a written response, but it was not sworn, as explicitly required by the statute, and the Association has cited to no case which stands for the proposition that the sworn requirement of the statute is a mere formality which can be ignored. Because we are bound to strictly construe the statute in favor of the debtor, we must reverse the trial court's order granting the Association's objection to the unit owner's claim of exemption from garnishment and request to strike. We note that this holding is without prejudice to the Association filing a new petition for writ of garnishment.

We affirm on all other issues.

Affirmed in part, reversed in part, and remanded with instructions.

4